# CASES

ARGUED AND DETERMINED

AT

# NISI PRIUS.

CORAM YATES, J.

JAMES *against* LE ROY et al.

Shipping articles signed by an apprentice, an infant who had run away from
his master's employ, are void, and consequently no forfeiture arising under
them can be urged against such master in an action for the amount earned
by such apprentice.

THIS was an action of assumpsit, for work and labor per-
formed by plaintiff's apprentice, on board defendant's ves-
sel, on a voyage from New York to Canton, and back.

Plea, the general issue.

It appeared, in evidence, that one Shea, an infant, had
been regularly indented to the plaintiff, as an apprentice,

for a term of years which was yet unexpired. That, in the month of August, 1807, he left his master's employ, without his consent, and that the plaintiff advertised him as a runaway, in the public papers. That he shipped as an ordinary seaman on board the defendant's vessel, and deserted from her, at St. Joseph's, in the Gulf of California, after he had been on board of her about seventeen months.

The defence was, that the apprentice had forfeited his wages, by an absence from duty of more than forty eight hours. And to support this defence, the shipping articles, in the common form, signed by the apprentice, were offered in evidence.

The counsel, for the plaintiff, objected to the admissibility of the evidence, and contended, 1st. That the shipping articles were, from the nature of the case, improper evidence against the master ; and 2d. That they were void, because an infant cannot make a contract, subjecting himself to a forfeiture.

YATES, J. The shipping articles are certainly void, and cannot be received in evidence in this case.

Verdict for plaintiff, for $102, being 17 month's wages, at $6 per month.(1)

*Bogardus*, for plaintiff.

*T. L. Ogden*, for defendants.

(1) This case came before the court in August term, 1816, (6 Johns. 274,) and, on a motion for a new trial, the court held the decision at *Nisi Prius* to be correct. Mr. Hargrave, (in his notes on Co. Litt. 117, a. No. 161,) seems

James v. Le Roy et al.

to place the master's right to the earnings of his apprentice and servant, on the same ground with the right of the lord to the acquisitions of his villein. The acquisitions of property, real and personal, made by the villein, in whatever way arising, belonged to the lord.   But the relation of the apprentice and servant to his master, is more mild and limited, for it only imports that the master shall be entitled to his personal lobor, during the term stipulated, either in a particular way, or, generally, according to the nature of the service or apprenticeship.   The general rule undoubtedly is, that whatever the apprentice earns by his labor, whilst in the employ of his master, belongs to his master, and so when he leaves his service, and is employed by a stranger, the master is entitled to his wages or earnings; (1 Com. 224;) and this, whether the stranger did, or did not know that he was an apprentice.   In the case, however, of a hired servant, the rule is different; the employer is, in such case, not liable without notice, and the master's remedy is against the servant for damages for a breach of his contract.   6 Johns. 274.

- The general rules applied to this case are, undoubtedly, correct; but the court does not seem to have considered how far the form of action, adopted, controlled those rules.   This has been a subject of very interesting discussion in the English courts.   In this case the action, brought by the master, was assumpsit.   In this form of action the master waives the tort where seduction is the foundation of the suit, and adopts the contract.   This is now the settled rule in England, although reluctantly acceded to, by the judges, after great consideration.   1 Taunt. 112; 3 Maule & Selwyn, 191.

This being admitted, therefore, as the true rule, it follows, as a necessary consequence, that the defendant has a right, in such cases, to set off against the plaintiff's demand, all advances and payments made to the apprentice, who must be considered *pro hac vica* the plaintiff's agent; and it would also seem that the plaintiff must, in this action, submit to all the conditions and qualifications of the apprentice's contract.   Upon these principles the particular decision in the text would be erroneous.

On this point, of the master's right to the earnings of servants, *vide Bright* v. *Lucas*, (Peake's Add. Cases, p. 121,) Eyre, C. J., says: "The line should be tightly held in these cases, the master is entitled to the money."   Vide note to that case on the other points.